## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **OMER DAVIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. CIV-22-35-R** |
| | ) | |
| **SCOTT CROW,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

This matter is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1). Although the case was originally referred to United States Magistrate Judge Amanda Maxfield Green for preliminary review, the Court hereby withdraws the reference and dismisses the Petition without prejudice as an unauthorized successive habeas action.[1]

Petitioner is currently serving a life sentence after having been convicted in the District Court of Caddo County, Oklahoma, on a single count of first-degree rape. On May 12, 2015, Petitioner filed a Petition for Writ of Habeas Corpus, Case No. CIV-15-513-M, wherein he challenged this same conviction. The petition was denied on the merits on March 19, 2018, and the Tenth Circuit denied a certificate of appealability and dismissed the appeal. *Davis v.* Bryant, 737 F. App'x 878 (10th Cir. June 12, 2018). Petitioner returns with a new habeas petition challenging this same conviction, arguing that the state court

---

[1] This case was transferred from the Eastern District of Oklahoma and it was not apparent from the file that Petitioner had either paid the filing fee or been granted leave to proceed without such payment. As a result, Judge Green issued two separate Orders to Cure Deficiencies. On May 6, 2022, Petitioner provided proof of payment to the Court. Accordingly, he has complied with Judge Green's orders.

lacked jurisdiction over him pursuant to the Supreme Court's pronouncement in *McGirt v. Oklahoma*, 140 S.Ct. 2454 (2020).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a judge must promptly examine a petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ....". As part of this initial review, the Court may examine whether it lacks jurisdiction over a habeas petition because it is a second or successive petition. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006)(holding that courts may *sua sponte* examine their own jurisdiction at any stage in a proceeding).

Section 2244(b) requires that before this Court may consider a second or successive § 2254 habeas petition, Petitioner "shall move in the [Tenth Circuit] for an order authorizing the district court to consider the application." See 28 U.S.C. § 2244(b)(3)(A). This statutory requirement is jurisdictional. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive … 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization.") (citation omitted). The Court has searched the Tenth Circuit PACER filing system and finds no request nor granting of authorization to file a second or successive petition. Accordingly, the Court lacks jurisdiction to entertain the instant habeas petition

and it must either be dismissed without prejudice or transferred to the Tenth Circuit, if such a transfer would be in the interests of justice.[2] *In re Cline*, 531 F.3d at 1252.

The Court concludes that dismissal is appropriate in this case. Factors the Court considers "in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *In re Cline*, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter ... for authorization." *Id*. at 1252. Here the Petition contains no allegations that would satisfy the requirements for permitting new claims to be heard in a second or successive petition. 28 U.S.C. § 2244(b)(2). The claim does not rely on a on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). The Tenth Circuit, addressing this issue, denied a motion for authorization to file a second or successive § 2254 petition raising claims based upon *McGirt*, finding the decision did not establish a new rule of constitutional law, but even if it did, the Supreme Court did not explicitly make the rule retroactive to cases on collateral

---

[2] That Petitioner challenges the jurisdiction of the state court over his criminal case does not alter this requirement. *See, e.g., Dopp v. Martin*, 750 F. App'x 754, 757 (10th Cir. 2018) (holding that the "jurisdictional nature" of the petitioner's claim did not "exempt his § 2254 application from dismissal for lack of jurisdiction as a successive and unauthorized application"); *see also Burchett v. Pettigrew*, 2021 WL 5066099, at *2 (N.D. Okla. Nov. 1, 2021) (finding that, "contrary to [the petitioner's] arguments, there is no exception to § 2244(b)(3)(A)'s pre-authorization requirement for claims that challenge the trial court's subject-matter jurisdiction and the Supreme Court's decision in *McGirt* did not nullify" the federal court's prior decision denying the petitioner's first habeas corpus petition).

3

review. *In re Morgan*, Case No. 20-6123 (10th Cir. Sept. 18, 2020), *see also Jones v. Pettigrew*, No. CIV-20-758, 2021 WL 640834, at *2 (W.D. Okla. Feb. 18, 2021) (declining to transfer second and successive habeas petition to the Tenth Circuit Court of Appeals for authorization because the petitioner's *McGirt* claim did not meet the requirements of 28 U.S.C. § 2244(b)(2)). Accordingly, the Court finds transfer unwarranted and hereby dismisses the Petition for want of jurisdiction.

Rule 11 of the applicable rules in § 2254 cases requires that the district court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, the Court denies a certificate of appealability.

For the reasons set forth herein, the Petition is DISMISSED FOR LACK OF JURISDICTION, Petitioner's Motion for Order (Doc. No. 10) is denied as moot and the Court hereby denies a certificate of appealability.

**IT IS SO ORDERED** this 13th day of May 2022.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE